DOSSETT *v.* STATE.

(Division B. Nov. 9, 1942. Suggestion of Error Overruled Dec. 7, 1942.)

[10 So. (2d) 376. No. 35088.]

Earle L. Wingo, of Hattiesburg, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant was put to trial in the circuit court on an indictment charging a misdemeanor. This was on Thursday morning. The case was submitted to the jury later in the day, but at what time does not appear. It does appear, however, that between 4 and 5 o'clock in the afternoon the jury was still in deliberation.

At that time the court had concluded its business of the day, except for the case then in the hands of the jury. The trial judge thereupon directed the sheriff to inform the jury that the court was ready to recess and to inquire of the jury whether they wanted the judge to wait longer for them. The jury sent word by the sheriff requesting the judge to wait, which the judge did; and in about twenty to thirty minutes the jury came into court with a verdict of guilty as charged.

The judgment is challenged by appellant on the asserted ground that what happened amounted to the coercion of a verdict by an implied threat to keep the jury together over night unless a verdict should be speedily returned, and appellant relies on Wade v. State, 155 Miss. 648, 124 So. 803 85 A. L. R. 1406.

The Wade case laid down two rules: (1) That it is within the sound judicial discretion of the trial judge as to how long he will require a jury to deliberate, and (2) that the judge must not make any statement or send any message as to how long he will keep the jury in deliberation. To the same effect is Allen v. State, 172 Miss. 472, 479, 159 So. 533.

There was nothing in what happened in the present case which carried any message, express or implied, that the judge meant to keep the jury in deliberation unless they returned a verdict within the time during which he intended to wait. He did not say that he would keep them over night unless they agreed before night. He did not say or intimate what he intended to do about

that—hence he complied with the aforestated rule. And for all that was said the jury ought to have understood, and there is nothing in this record to show that they did not understand, that they were left at liberty to come into court within the waiting period and report that they could not agree, and for all that they knew, or we can know from this record, the judge may have intended to discharge the jury and enter a mistrial had such a report been made. The trial had been short, and the case was not one of particular importance. Looking at the entire record, there was nothing which would constrain or lead the jury to conclude that unless they speedily agreed they would probably be held in a prolonged deliberation, or even over night. The facts do not bring the case within Wade v. State, or those of similar import. The cases do not point to a standard beyond reasonable and practicable bounds.

Affirmed.